IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES FIELDS,

    Petitioner,                  No. CIV-S-07-0119 LKK KJM P

    vs.

D.K. SISTO, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges several convictions sustained in the Superior Court of Sacramento County in 2002. Respondents have filed a motion to dismiss petitioner's habeas application as time-barred.

        Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

/////

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The California Court of Appeal, Third Appellate District, affirmed petitioner's convictions on July 18, 2003. Resp'ts' Lodged Doc. 2.[1] Because petitioner did not file a petition for review in the California Supreme Court, his convictions and sentences became final for purposes of 28 U.S.C. § 2244(d)(1)(A) forty days later on August 27, 2003. Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002).[2] The limitations period began running the next day and continued to run until at least December 23, 2003 for a total of 118 days.

Under 28 U.S.C. § 2244(d)(2), the one-year statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review... is pending." A review of the record shows that petitioner filed and litigated three state

---

[1] All lodged documents cited herein were lodged on May 25, 2007.

[2] In his opposition, petitioner asserts his conviction was not final on August 27, 2003, because he filed a petition for rehearing in the California Court of Appeal on August 3, 2003. Opp'n at 2:21-3:11. As noted by petitioner, the petition for rehearing was rejected as untimely on August 18, 2003. See Pet., Ex. R. Petitioner asserts that the petition actually was timely and should provide a basis to delay commencement of the limitations period in this action. However, petitioner fails to present anything suggesting that after August 27, 2003 he had any opportunity to seek further direct review of his convictions in any California court.
Petitioner also asserts that the limitations period could not commence until petitioner's time to file a petition for writ of certiorari in the United States Supreme Court ran out. Opp'n at 4-6. However, petitioner did not have a legal basis upon which to file a petition for writ of certiorari because he never filed a petition for review in the California Supreme Court. See Supreme Court Rules, Rule 13.

1  post conviction applications.  See Resp'ts' Lodged Docs. 3-10.  The first was filed on December
2  24, 2003 when petitioner gave it to prison officials for mailing.³  Resp'ts' Lodged Doc. 3
3  (Declaration And Proof Of Service By Mail).  The third was denied by the California Supreme
4  Court on March 22, 2006.  Resp'ts' Lodged Doc. 10.  Each party presents argument as to how
5  much of the time between December 23, 2003 and March 22, 2006 should be tolled.  However,
6  the court need not resolve this dispute, as even if it were resolved in petitioner's favor, his
7  petition is not timely as discussed below.
8          It is not clear when petitioner gave his federal habeas application to prison
9  officials for mailing, but the petition was signed by petitioner on December 29, 2006.  Pet. at 45,
10 46.  For purposes of respondents' motion, the court assumes the federal petition was filed on that
11 day.  Because there is no arguable statutory basis for tolling after March 23, 2006, without the
12 benefit of some other tolling provision such as equitable tolling, the limitations period ran out on
13 November 26, 2006.
14         Near the end of his opposition, petitioner suggests that his petition was not timely
15 due to restricted access to his prison's law library.  Opp'n at 19:3-11.  But petitioner has failed to
16 present evidence indicating restricted access made it impossible for petitioner to file on time,
17 thereby warranting equitable tolling.  See, e.g., Miles v. Prunty, 187 F.3d 1104, 1107 (9th
18 Cir.1999).  Petitioner presents some evidence he says indicates access to the law library was
19 more restricted than it had previously been after January 2006, Pet. at 41-42 & Ex. U, but
20 petitioner does not demonstrate why this caused him to wait more than nine months to file his
21 petition in this court.  Cf. Resp'ts' Lodged Doc. 4 (noting changes in library program in 2006,
22 but also ways in which access remained available).  The court notes the issues raised in this court
23 are, for the most part, the same issues petitioner raised in his California Supreme Court habeas
24 petition, consistent with the requirement of exhaustion of state court remedies found in 28 U.S.C.
25
26        ³ See Houston v. Lack, 487 U.S. 266, 270 (1988).

§ 2254(b)(1).  Therefore, petitioner should not have needed significant access to the law library after his California Supreme Court petition was denied to properly prepare his federal petition.

For all the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be dismissed as time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 13, 2007 motion to dismiss be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 6, 2007.

_____
U.S. MAGISTRATE JUDGE

1
fiel0119.157